R. J. Dorn & Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Estate of Louis Dorn, by Rene Dorn, Agent, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

R. J. Dorn, by Rene Dorn, Agent, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Rene Dorn, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 18030, 11218–11220. Promulgated July 3, 1928.

*A. W. Clapp, Esq.,* for the petitioners.
*Shelby S. Faulkner, Esq.,* for the respondent.

OPINION.

SMITH: The petitioners have assigned numerous errors in the determination of these deficiencies but we think that it is necessary for us to pass upon only a few of them. The deficiencies were determined upon the supposition that R. J. Dorn & Co. was during all of the taxable years 1917 to 1921, inclusive, a partnership. The evidence shows, however, that from 1916 to September 9, 1921, the business conducted under this name was a sole proprietorship owned by R. J. Dorn, a nonresident alien of Havana, Cuba.

The first point which we shall consider is whether R. J. Dorn, conducting business in Havana, Cuba, with an office in New York during the calendar year 1917, was liable to income and excess-profits tax in respect of the income which he derived from that business. Section 1(a) of the Revenue Act of 1916 provides:

\* \* \* and a like tax [2 per centum] shall be levied, assessed, collected, and paid annually upon the entire net income received in the preceding calendar year from all sources within the United States by every individual, a nonresident alien, including interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise.

The Revenue Act of 1917 imposes an excess-profits tax upon individuals in respect of a trade or business of a nonresident indi-

vidual. (Section 202, Revenue Act of 1917). The return upon which such tax shall be made up " in the same manner as is prescribed for income-tax returns under Title I of such Act of September eighth, nineteen hundred and sixteen, as amended by this Act." (Section 211 of the Revenue Act of 1917.)

If R. J. Dorn, conducting business under the name of R. J. Dorn & Co., derived an income from a source within the United States during the year 1917, that income is liable to income and excess-profits tax. It is to be noted, however, that the activity of the New York office of R. J. Dorn during 1917 was confined to the purchase in the United States of goods manufactured in the United States upon orders received from abroad and the shipment of such goods to the foreign consignees. We have held that where goods were manufactured abroad by a nonresident alien and sold in this country the entire profit constitutes " gross income from sources within the United States " within the meaning of section 213 (c) of the Revenue Act of 1918. *Richard L. Birkin*, 5 B. T. A. 402. We have also held that where a foreign corporation sells goods at a profit in the United States it derives an income from a source within the United States within the meaning of the statute. *Yokohama Ki-Ito Kwaisha, Ltd.*, 5 B. T. A. 1248; *Tootal Broadhurst Lee Co., Ltd.*, 9 B. T. A. 321. The question as to whether certain foreign corporations and partnerships derived income from sources within the United States under the provisions of the Revenue Act of 1918 was referred by the Secretary of the Treasury to the Attorney General, who, on November 3, 1920, rendered his opinion upon the question propounded. The Revenue Act of 1918 is more specific than the Revenue Acts of 1916 and 1917 with respect to the sources of income of foreign corporations and nonresident alien individuals. Section 213 (c) of that Act provides:

In the case of nonresident alien individuals, gross income includes only the gross income from sources within the United States, including interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States.

Section 233 (b) contains a similar provision with respect to income from sources within the United States of foreign corporations. The Attorney General held in his opinion, 32 Ops. Atty. Gen. 336, that:

No income is derived from the mere manufacture of goods; before there can be income there must be sale; and there is no income from sources within the United States from goods manufactured here unless there is, in the language of section 233(b), both "manufacture and disposition of goods within the United States."

It was further held that where a partnership organized in England, with principal office at Liverpool, England, maintains a branch office at Dallas, Texas, which does not make any sales in the United States, but buys cotton therein which it ships to the home office in England for disposition, the gross income from such business is not derived from sources within the United States. The facts in the case stated are much the same as those which obtain in the case of R. J. Dorn for 1917. We think it clear that without the sale of the goods purchased by R. J. Dorn, trading as R. J. Dorn & Co., there could have been no income to R. J. Dorn. The purchasers of the goods were non-residents; title to the goods purchased remained with R. J. Dorn until they were delivered to the foreign consignee; the money from which the income was derived was received from the foreign consignee. We think that the converse of the situation which was before us in the *Birkin* case, *supra;* the *Yokohama Ki-Ito Kwaisha, Ltd.,* *supra;* and *Tootal Broadhurst Lee Co., Ltd., supra,* requires us to hold that the income of R. J. Dorn prior to the organization of the partnership of R. J. Dorn & Co., on September 9, 1921, was from a source *without* the United States and not from a source *within* the United States. We are, therefore, of the opinion that upon the record it must be held that R. J. Dorn & Co., Louis Dorn, and R. J. Dorn, at least prior to the organization of the partnership on September 9, 1921, are exempt from income-tax in respect of any income derived by them from operations of R. J. Dorn & Co.

Section 217(e) of the Revenue Act of 1921 provides:

Items of gross income, expenses, losses and deductions, other than those specified in subdivisions (a) and (c), shall be allocated or apportioned to sources within or without the United States under rules and regulations prescribed by the Commissioner with the approval of the Secretary. Where items of gross income are separately allocated to sources within the United States, there shall be deducted (for the purpose of computing the net income therefrom) the expenses, losses and other deductions properly apportioned or allocated thereto and a ratable part of other expenses, losses or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States. In the case of gross income derived from sources partly within and partly without the United States, the net income may first be computed by deducting the expenses, losses or other deductions apportioned or allocated thereto and a ratable part of any expenses, losses or other deductions which can not definitely be allocated to some item or class of gross income; and the portion of such net income attributable to sources within the United States may be determined by processes or formulas of general apportionment prescribed by the Commissioner with the approval of the Secretary. Gains, profits and income from (1) transportation or other services rendered partly within and partly without the United States, or (2) from the sale of personal property produced (in whole or in part) by the taxpayer within and sold without the United States, or produced (in whole or in part) by the taxpayer without and sold within the United States, shall be treated as derived partly from sources within

and partly from sources without the United States. Gains, profits and income derived from the purchase of personal property within and its sale without the United States or from the purchase of personal property without and its sale within the United States, shall be treated as derived entirely from the country in which sold.

The methods of transacting business after the organization of the partnership were not different from those in existence before that date. Under the specific provisions of the Revenue Act of 1921 the partnership derived no income from a source within the United States inasmuch as its only activity within the United States was the purchase of goods therein for sale abroad.

There remains only to be considered the liability to income tax of Rene Dorn. He was admittedly a member of the partnership of R. J. Dorn & Co. from September 9 to December 31, 1921. It is not denied that he is liable to income tax in respect of his pro rata share of the profits of the partnership for this period. It is contended, however, on behalf of Rene Dorn, that under his contract with R. J. Dorn he was to receive a stipulated salary and a percentage of the profits monthly prior to September 9, 1921, when he became a partner; that the profits were to be determined monthly, and the profits were available to him monthly; and that the respondent has erred in allocating the profits upon the basis of the fiscal year of March 31, 1920, of R. J. Dorn & Co. The contentions of the petitioner, Rene Dorn, upon this point are sustained, since Rene Dorn was not a member of the partnership for such fiscal year.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*